UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                     Case No: 6:26-bk-03800-TPG

MADISON LEIGH ANDROSKO                                     Chapter 7

        Debtor

_____/

MOTION FOR RELIEF FROM STAY

NOTICE OF OPPORTUNITY TO OBJECT
AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection or other matter without further notice or hearing unless a party of interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service, if any party was served by U.S. Mail. If you object to the relief requested in this paper, you must file your response with the Clerk of Court at George C. Young Federal Courthouse located at 400 West Washington Street, Suite 5100, Orlando, Florida 32801, and serve a copy on the movant's attorney, Bill McCabe, Esquire at 1250 S. Highway 17-92, Suite 210, Longwood, Florida 32750, and any other appropriate persons within the time allowed.

If you file or serve an objection within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the objection and may grant or deny relief requested without a hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

        COMES NOW,   (hereinafter called "Creditor"),   MICHELLE RADEMACHER C/O ORLANDO

REALTY AND PROPERTY MANAGEMENT, LLC by and through their undersigned attorney, and pursuant

to 11 USC 362 requests this Court enter an Order lifting the automatic stay, and in support thereof

would state and assert as follows:

        1.      This is a Motion to obtain a Final Order granting relief from automatic stay under

362(d) of the Bankruptcy Code.

2.     The Debtor filed the original petition under Chapter 7 of the Bankruptcy Code. To the extent issues concerning exemptions and abandonments are not resolved, all parties in interest, including the Debtors and the Trustee are being served with a copy of the motion.

3.     For value received, the Debtor executed and delivered a Lease Agreement ("Agreement"), as evidence of indebtedness to the Creditor. A copy of the Agreement is attached hereto.

4.     Said indebtedness is in relation to residential leased property more particularly described in the parties agreement as:

1641 Retreat Circle, Clermont, Florida 34714

5.     The Creditor is the present owner of the above referenced property and holder for value of the Lease Agreement with the Debtor.

6.     The Creditor is owed $4,199.00 as of the date of this petition. An Affidavit in Support of this Motion for Relief From Stay is attached hereto.

7.     The Debtor defaulted under the terms of the Agreement with the Creditor, by failing to make payments due for the month of May, 2026 and June, 2026, as specified in the Affidavit attached hereto. (Affidavit was signed May 29, 2026 so only lists May, 2026 rent).

8.     The Debtor, and the estate, have made no offer of adequate protection to the Creditor who lacks adequate protection.

9.     By virtue of the Debtor's continued use of the residence without payments to the Creditor, the collateral is diminishing and decreasing in value and continues to do so.

10.     The foregoing facts constitute cause for relief from the automatic stay pursuant to 11 U.S.C. 362 (d).

11.     All conditions precedent to the relief demanded herein have been performed or have occurred.

12.     The Creditor believes that the 14 day stay period set forth in Bankruptcy Rule 4001 (a)

(3) is not applicable in this case, and requests the Court to waive the 14 day stay so that the Creditor

may immediately enforce and implement any Order granting the relief requested herein.

WHEREFORE, the Creditor respectfully requests the Court to enter a final order wherein:

a.     The automatic stay herein be modified so as to permit the Creditor to continue with

eviction proceedings in connection with this residential property;

b.     The 14 day stay period be waived so as to permit the Creditor to immediately enforce

the relief requested herein; and

c.     Grant such other and further relief as shall seem to be proper.

Bill McCabe, Esquire
1250 S. Highway 17-92, Suite 210
Longwood, Florida  32750
Florida Bar #157067
T: 407-403-6111
F: 407-265-0409
billjmccabe@earthlink.net

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion for Relief From Stay with all attachments have been furnished by regular U.S. Mail to Lori Patton, Trustee, 377 Maitland Avenue, Suite 1002, Altamonte Springs, Florida 32701, the U.S. Trustee at Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, Florida 32801, Camille Sebreth, Law Office of Camille Sebreth, 1466 E. Michigan Street, Orlando, Florida 32806, this 3 day of June, 2026.

Bill McCabe, Esquire
1250 S. Highway 17-92, Suite 210
Longwood, Florida  32750
Florida Bar #157067
T: 407-403-6111
F: 407-265-0409

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          Case No: 6:26-bk-03800-TPG

MADISON LEIGH ANDROSKO                          Chapter 7

    Debtor

_____/

## AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM STAY

**STATE OF FLORIDA**
**COUNTY OF ORANGE**

I, _MANDI BROWN_, state and allege as follows:

1.    I am an agent of the Creditor requesting this Motion for Relief from Stay.

2.    Debtor presently owes Creditor the following sums:

$ _2,100.00_ rent for the month of May, 2026.

3.    Debtor remains in possession of the premises being rented from the Creditor located at 1641 Retreat Circle, Clermont, Florida 34714.

4.    Debtor has defaulted under the terms of the lease agreement by failing to pay rent for the month of May, 2026.

Under penalties of perjury, I declare that I have read the foregoing affidavit and the facts stated in it are true.

_____
Sign name here

The foregoing instrument was acknowledged before me this _29th_ day of May, 2026, by _Mandi Brown_ who is personally known to me or who has produced _FLDL_ as identification.

_____
Notary Public

COURTNEY L. PADGETT
MY COMMISSION # HH 722865
EXPIRES: September 19, 2028

**Residential Lease for Single Family Home or Duplex**
**(FOR A TERM NOT TO EXCEED ONE YEAR)**

A BOX ( ☐ ) OR A BLANK SPACE ( ___ ) INDICATES A PROVISION WHERE A CHOICE OR DECISION MUST BE MADE BY THE PARTIES.

THE LEASE IMPOSES IMPORTANT LEGAL OBLIGATIONS. MANY RIGHTS AND RESPONSIBILITIES OF THE PARTIES ARE GOVERNED BY CHAPTER 83, PART II, RESIDENTIAL LANDLORD AND TENANT ACT, FLORIDA STATUTES. A COPY OF THE RESIDENTIAL LANDLORD AND TENANT ACT IS ATTACHED TO THIS LEASE.

**1. PARTIES.** This is a lease ("the Lease") between Michelle L. Adeeb (name & address of owner of the property) 6711 Bar S Bar Trl, Zephyrhills, FL 33541 ("Landlord") and Madison L. Androsko (name(s) of person(s) to whom the property is leased) 2303 Burney Falls Ln, Davenport, FL 33837 ("Tenant.")

| | |
|---|---|
| Landlord's E-mail address: | michelleadeeb@gmail.com |
| Landlord's Telephone Number: | (312) 351-5302 |
| Tenant's E-mail address: | mvdison@yahoo.com |
| Tenant's Telephone Number: | (216) 309-4636 |

**2. PROPERTY RENTED.** Landlord leases to Tenant the land and buildings located at 1641 Retreat Circle, Clermont (street address) , Florida 34714 (zip code)

together with the following furniture and appliances [List all furniture and appliances. If none, write "none."] (In the Lease, the property leased, including furniture and appliances, if any, is called "the Premises"):
one (1) washer and one (1) dryer, one (1) gas grill, one (1) microwave, one (1) dishwasher, one (1) refrigerator, one (1) stove/range, two (2) pool chairs, patio furniture: one (1) patio table and three (3) patio chairs, outdoor balcony furniture: one (1) table and two (2) chairs.

The Premises shall be occupied only by the Tenant and the following persons:
Shanne Ferguson, Daimian Ferguson, and Mia Ferguson.

**3. TERM.** This is a lease for a term, not to exceed twelve months, beginning on April 1, 2026 (month, day, year) and ending March 31, 2027 (month, day, year) (the "Lease Term").

**4. RENT PAYMENTS, TAXES AND CHARGES.**

Tenant shall pay total rent in the amount of $ 24,891 (excluding taxes) for the Lease Term. The rent shall be payable by Tenant in advance in installments or in full as provided in the options below:

☑ in installments. If in installments, rent shall be payable

☑ monthly, on the 1st day of each month (if left blank, on the first day of each month) in the amount of $ 2,099 per installment.

OR

☐ weekly, on the _____ day of each week. (If left blank, on Monday of each week.) in the amount of $ _____ per installment.

☐ in full on _____ (date) in the amount of $ _____ .

Tenant shall also be obligated to pay taxes on the rent when applicable in the amount of $ _____
☐ with each rent installment ☐ with the rent for the full term of the Lease. Landlord will notify Tenant if the amount of the tax changes.

**Payment Summary**
☑ **If rent is paid in installments, the total payment per installment including taxes shall be in the amount of $** 2,099 _____.
☐ **If rent is paid in full, the total payment including taxes shall be in the amount of**
**$** _____.

All rent payments shall be payable to ___David Adeeb/Adeeb Business Consulting, LLC___ (name) at
__via Zillow Rent Payment_____(address). (If left blank, to Landlord at Landlord's address).

☐ If the tenancy starts on a day other than the first day of the month or week as designated above, the rent shall be prorated from _____ (date) through _____ (date)in the amount of $ _____ and shall be due on _____ (date) (If rent paid monthly, prorate on a 30 day month.)

Tenant shall make rent payments required under the Lease by (choose all applicable) ☐ cash, ☐ personal check, ☐ money order, ☐ cashier's check, or ☑ other __David Adeeb via Zillow Rent Payment__ (specify). If payment is accepted by any means other than cash, payment is not considered made until the other instrument is collected.

If Tenant makes a rent payment with a worthless check, Landlord can require Tenant ☑ to pay all future payments by ☐ money order, cashier's check or official bank check or ☐ cash or other (specify), and ☑ to pay bad check fees in the amount of $ 40 _____ (not to exceed the amount prescribed by Section 68.065, Florida Statutes.)

**5. MONEY DUE PRIOR TO OCCUPANCY.** Tenant shall pay the sum of $ 6,198 _____ in accordance with this paragraph prior to occupying the Premises. Tenant shall not be entitled to move in or to keys to the Premises until all money due prior to occupancy has been paid. If no date is specified below, then funds shall be due prior to Tenant occupancy. Any funds designated in this paragraph due after occupancy, shall be paid accordingly. Any funds due under this paragraph shall be payable to Landlord at Landlord's address or to

David Adeeb via Zillow Rent Payment
_____
(name)
at
_____
(address)

| | | | |
|---|---|---|---|
| First ☑ month's ☐ week's rent plus applicable taxes | $ 2,000 | due | April 1, 2026 |
| Prorated rent plus applicable taxes | $ | due | |
| Advance rent for ☐ month ☐ week of _____ plus applicable taxes | $ | due | |
| Last ☑ month's ☐ week's rent plus applicable taxes | $ 2,099 | due | April 1, 2026 |
| Security deposit | $ 2,099 | due | upon lease execution |
| Additional security deposit | $ | due | |
| Security deposit for homeowner's association | $ | due | |
| Pet Deposit | $ | due | |
| Other _____ | $ | due | |
| Other _____ | $ | due | |

**6. LATE FEES.** (Complete if applicable)  In addition to rent, Tenant shall pay a late charge in the amount of $ 100 _____ (If left blank, 4% of the rent payment) for each rent payment made 5 _____ days after the day it is due (if left blank, 5 days if rent is paid monthly, 1 day if rent is paid weekly).

**7. PETS AND SMOKING.** Unless this box ☐ is checked or a pet deposit is paid, Tenant may not keep pets or animals on the Premises. If Tenant may keep pets, the pets described in this paragraph are permitted on                                                  the                                                  Premises.

_____

(Specify number of pets, type(s), breed, maximum adult weight of pets.)

Unless this box ☐ is checked, no smoking is permitted in the Premises.

**8. NOTICES.**

Adeeb Business Consulting, LLC _____ is Landlord's Agent. All notices must be sent to

☐ Landlord _____ at _____

☑ Landlord's Agent _____ at 38439 5th Ave, PMB 2822, Zephyrhills, FL 33542 _____

unless Landlord gives Tenant written notice of a change. All notices of such names and addresses or changes thereto shall be delivered to the Tenant's residence or, if specified in writing by the Tenant, to any other address. All notices to the Landlord or the Landlord's Agent (whichever is specified above) shall be given by U.S. mail or by hand delivery.

Any notice to Tenant shall be given by U.S. mail or delivered to Tenant at the Premises. If Tenant is absent from the Premises, a notice to Tenant may be given by leaving a copy of the notice at Premises.

**9. UTILITIES.**  Tenant shall pay for all utilities services during the Lease Term and connection charges and deposits for activating existing utility connections to the Premises except for valet trash, water, pool cleaning _____ , that Landlord agrees to provide at Landlord's expense (If blank, then "NONE").

**10. MAINTENANCE.**

Landlord shall be responsible for compliance with Section 83.51, Florida Statutes, and shall be responsible for maintenance and repair of the Premises, unless otherwise stated below: (Fill in each blank space with "Landlord" for Landlord or "Tenant" for Tenant, if left blank, Landlord will be responsible for the item):

| | | | |
|---|---|---|---|
| _____ roofs | _____ windows | _____ screens | _____ steps |
| _____ doors | _____ floors | _____ porches | _____ exterior walls |
| _____ foundations | _____ plumbing | _____ structural components | |
| _____ heating | _____ hot water | _____ running water | Tenant locks and keys |
| _____ electrical system | | _____ cooling | Tenant smoke detection devices |
| _____ garbage removal/ outside receptacles | | | |
| _____ extermination of rats, mice, roaches, ants and bedbugs | | | |
| _____ extermination of wood-destroying organisms | | | |
| _____ lawn/shrubbery | _____ pool/spa/hot tub | | |
| _____ water treatment | Tenant filters (specify) | Replace HVAC filter every 90 days | |
| _____ ceilings | _____ interior walls | | |
| _____ Other (specify) | | | |

Tenant       shall       notify       David Adeeb/Adeeb Business Consulting, LLC       (name)       at _____ (address)  (if  left  blank,  Landlord  at  Landlord's  address)  and _____ (352) 760-8471 _____ (telephone number) of maintenance and repair requests.

**11. ASSIGNMENT.** Unless this box ☐ is checked, Tenant may not assign the Lease or sublease all or any part of the Premises without first obtaining the Landlord's written approval and consent to the assignment or sublease.

**12. KEYS AND LOCKS.** Landlord shall furnish Tenant

_____ # of sets of keys to the dwelling
1_____ # of mail box keys    (Lost key charge $25 per key)
_____ # of garage door openers

If there is a homeowner's association, Tenant will be provided with the following to access the association's common areas/facilities:

_____ # of keys to _____
_____ # of remote controls to _____
1_____ # of electronic cards to Community Clubhouse    (Lost key charge $75 per key)
_____ other (specify) to_____

At end of Lease Term, all items specified in this paragraph shall be returned to
David Adeeb _____ (name) at _____
(address) (If left blank, Landlord at Landlord's address).

**13. LEAD-BASED PAINT.** ☐ Check and complete if the dwelling was built before January 1, 1978. **Lead Warning Statement** (when used in this article, the term Lessor refers to Landlord and the term Lessee refers to Tenant).

Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not managed properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, Lessors must disclose the presence of known lead-based paint and/or lead-based paint hazards in the dwelling. Lessees must also receive a federally approved pamphlet on lead poisoning prevention.

**Lessor's Disclosure (initial)**

_____ Presence of lead-based paint or lead-based paint hazards (check (i) or (ii) below):

_____ Known lead-based paint and/or lead-based paint hazards are present in the housing (explain).

_____

(ii) _____ Lessor has no knowledge of lead-based paint and/or lead-based paint hazards in the housing
_____ Records and reports available to the Lessor (check (i) or (ii) below):
_____ Lessor has provided the lessee with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below).

_____

_____ Lessor has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.

**Lessee's Acknowledgment (initial)**

_____ Lessee has received copies of all information listed above.
_____ Lessee has received the pamphlet Protect Your Family From Lead in Your Home.

**Agent's Acknowledgment (initial)**

_____   Agent has informed the Lessor of the Lessor's obligations under 42 U.S.C. 4852d and is aware of his/her responsibility to ensure compliance.

**Certification of Accuracy**

The following parties have reviewed the information above and certify, to the best of their knowledge, that the information provided by the signatory is true and accurate.

| Lessor's signature | Date | Lessor's signature | Date |
|---|---|---|---|
| Lessee's signature | Date | Lessee's signature | Date |
| Agent's signature | Date | Agent's signature | Date |

**14. SERVICEMEMBER.** If Tenant is a member of the United States Armed Forces on active duty or state active duty or a member of the Florida National Guard or United States Reserve Forces, the Tenant has rights to terminate the Lease as provided in Section 83.682, Florida Statutes, the provisions of which can be found in the attachment to this Lease.

**15. LANDLORD'S ACCESS TO THE PREMISES.** Landlord's Agent may enter the Premises in the following circumstances:

At any time for the protection or preservation of the Premises.

After reasonable notice to Tenant at reasonable times for the purpose of repairing the Premises.

To inspect the Premises; make necessary or agreed-upon repairs, decorations, alterations, or improvements; supply agreed services; or exhibit the Premises to prospective or actual purchasers, mortgagees, tenants, workers, or contractors under any of the following circumstances:

with Tenant's consent;

in case of emergency;

when Tenant unreasonably withholds consent; or

if Tenant is absent from the Premises for a period of at least one-half a rental installment period. (If the rent is current and Tenant notifies Landlord of an intended absence, then Landlord may enter only with Tenant's consent or for the protection or preservation of the Premises.)

**16. HOMEOWNER'S ASSOCIATION. IF TENANT MUST BE APPROVED BY A HOMEOWNER'S ASSOCIATION ("ASSOCIATION"), LANDLORD AND TENANT AGREE THAT THE LEASE IS CONTINGENT UPON RECEIVING APPROVAL FROM THE ASSOCIATION. ANY APPLICATION FEE REQUIRED BY AN ASSOCIATION SHALL BE PAID BY ☐ LANDLORD ☐ TENANT. IF SUCH APPROVAL IS NOT OBTAINED PRIOR TO COMMENCEMENT OF LEASE TERM, EITHER PARTY MAY TERMINATE THE LEASE BY WRITTEN NOTICE TO THE OTHER GIVEN AT ANY TIME PRIOR TO APPROVAL BY THE ASSOCIATION, AND IF THE LEASE IS TERMINATED, TENANT SHALL RECEIVE RETURN**

**OF DEPOSITS SPECIFIED IN ARTICLE 5, IF MADE**. If the Lease is not terminated, rent shall abate until the approval is obtained from the association. Tenant agrees to use due diligence in applying for association approval and to comply with the requirements for obtaining approval ☐Landlord ☐Tenant shall pay the security deposit required by the association, if applicable.

**17. USE OF THE PREMISES**. Tenant shall use the Premises for residential purposes. Tenant shall have exclusive use and right of possession to the dwelling. The Premises shall be used so as to comply with all state, county, municipal laws and ordinances, and all covenants and restrictions affecting the Premises and all rules and regulations of homeowners' associations affecting the Premises. Tenant may not paint or make any alterations or improvements to the Premises without first obtaining the Landlord's written consent to the alteration or improvement.   However, unless this box ☐ is checked, Tenant may hang pictures and install window treatments in the Premises without Landlord's consent, provided Tenant removes all such items before the end of the Lease Term and repairs all damage resulting from the removal.  Any improvements or alterations to the Premises made by the Tenant shall become Landlord's property. Tenant agrees not to use, keep, or store on the Premises any dangerous, explosive, toxic material which would increase the probability of fire or which would increase the cost of insuring the Premises.

**18. RISK OF LOSS/INSURANCE**.

Landlord and Tenant shall each be responsible for loss, damage, or injury caused by its own negligence or willful conduct.

Tenant should carry insurance covering Tenant's personal property and Tenant's liability insurance.

**19.   PROHIBITED ACTS BY LANDLORD**. Landlord is prohibited from taking certain actions as described in Section 83.67, Florida Statutes, the provisions of which can be found in the attachment to this Lease.

**20.   CASUALTY DAMAGE**. If the Premises are damaged or destroyed other than by wrongful or negligent acts of Tenant or persons on the Premises with Tenant's consent, so that the use of the Premises is substantially impaired, Tenant may terminate the Lease within 30 days after the damage or destruction and Tenant will immediately vacate the Premises. If Tenant vacates, Tenant is not liable for rent that would have been due after the date of termination. Tenant may vacate the part of the Premises rendered unusable by the damage or destruction, in which case Tenant's liability for rent shall be reduced by the fair rental value of the part of the Premises that was damaged or destroyed.

**21.   DEFAULTS/REMEDIES**.  Should a party to the Lease fail to fulfill their responsibilities under the Lease or need to determine whether there has been a default of the Lease, refer to Part II, Chapter 83, entitled Florida Residential Landlord and Tenant Act which contains information on defaults and remedies. A copy of the current version of this Act is attached to the Lease.

**22. SUBORDINATION**. The Lease is automatically subordinate to the lien of any mortgage encumbering the fee title to the Premises from time to time.

**23. LIENS. THE INTEREST OF THE LANDLORD SHALL NOT BE SUBJECT TO LIENS FOR IMPROVEMENTS MADE BY THE TENANT AS PROVIDED IN SECTION 713.10, FLORIDA STATUTES**. Tenant shall notify all parties performing work on the Premises at Tenant's request that the Lease does not allow any liens to attach to Landlord's interest.

**24. RENEWAL/EXTENSION**. The Lease can be renewed or extended only by a written agreement signed by both Landlord and Tenant, but the term of a renewal or extension together with the original Lease Term may not exceed one year. A new lease is required for each year.

**25. TENANT'S TELEPHONE NUMBER.** Tenant shall, within 5 business days of obtaining telephone services at the Premises, send written notice to Landlord of Tenant's telephone numbers at the Premises.

**26. ATTORNEYS' FEES.** In any lawsuit brought to enforce the Lease or under applicable law, the party in whose favor a judgment or decree has been rendered may recover reasonable court costs, including attorneys' fees, from the non-prevailing party.

**27. MISCELLANEOUS.**

Time is of the essence of the performance of each party's obligations under the Lease.

The Lease shall be binding upon and for the benefit of the heirs, personal representatives, successors, and permitted assigns of Landlord and Tenant, subject to the requirements specifically mentioned in the Lease. Whenever used, the singular number shall include the plural or singular and the use of any gender shall include all appropriate genders.

The agreements contained in the Lease set forth the complete understanding of the parties and may not be changed or terminated orally.

No agreement to accept surrender of the Premises from Tenant will be valid unless in writing and signed by Landlord.

All questions concerning the meaning, execution, construction, effect, validity, and enforcement of the Lease shall be determined pursuant to the laws of Florida.

A facsimile copy of the Lease and any signatures hereon shall be considered for all purposes originals.

As required by law, Landlord makes the following disclosure: "RADON GAS." Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in Florida. Additional information regarding radon and radon testing may be obtained from your county health department.

**28. BROKERS' COMMISSION.** ☐ Check and complete if applicable. The brokerage companies named below will be paid the commission set forth in this paragraph by ☐ Landlord ☐ Tenant for procuring a tenant for this transaction.

| | |
|---|---|
| Real Estate Licensee | Real Estate Licensee |
| Real Estate Brokerage Company | Real Estate Brokerage Company |
| Commission | Commission |

**29. TENANT'S PERSONAL PROPERTY.** TENANT MUST INITIAL IN THIS BOX ☑ FOR THE FOLLOWING PROVISION TO APPLY. BY SIGNING THIS RENTAL AGREEMENT, THE TENANT AGREES THAT UPON SURRENDER, ABANDONMENT, OR RECOVERY OF POSSESSION OF THE DWELLING UNIT DUE TO THE DEATH OF THE LAST REMAINING TENANT, AS PROVIDED BY CHAPTER 83, FLORIDA STATUTES, THE LANDLORD SHALL NOT BE LIABLE OR RESPONSIBLE FOR STORAGE OR DISPOSITION OF THE TENANT'S PERSONAL PROPERTY.

The Lease has been executed by the parties on the dates indicated below.

*Michelle Adeeb*
_____
Landlord's Signature

March 2, 2026
_____
Date

_____
Landlord's Signature

_____
Date

_____
Landlord's Signature

_____
Date

*Madison Androsko*
03-03-2026 07:54:07 AM EST - 2-2
_____
Tenant's Signature

03/02/2026
_____
Date

_____
Tenant's Signature

_____
Date

This form was completed with the assistance of:

Name of Individual: _____
Name of Business: _____
Address: _____
Telephone Number: _____

# ADDENDUM

This Addendum ("Addendum") is made part of the Residential Lease Agreement ("Lease") for the property located at: 1641 Retreat Circle, Clermont, Florida 34714.

This Addendum is entered into by and between Landlord and Tenant and shall modify the Lease as follows:

**1. Early Occupancy Period.** Landlord grants Tenant permission to occupy the Premises beginning in ___March___, 2026 ("Early Occupancy Date").

**2. No Rent Due for March.** No rent shall be due for the period from the Early Occupancy Date through March 31, 2026. The Lease Term shall officially commence on April 1, 2026, and monthly rent shall be due beginning April 1, 2026.

**3. Application of Lease Terms.** All terms and conditions of the Lease shall apply during the early occupancy period, including but not limited to maintenance obligations, insurance requirements, liability provisions, HOA rules, and all other tenant responsibilities.

**4. Security Deposit and Funds.** All required deposits and funds are on the dates shown in the Lease Agreement paragraph 5.

**5. Promotional Rent Adjustment.** Notwithstanding the Monthly Rent stated in the Lease, Landlord agrees to a temporary promotional reduction of rent for the first three (3) months of the Lease Term. For the months of April 2026, May 2026, and June 2026, Tenant shall pay monthly rent in the amount of $2,000.00.

Beginning July 1, 2026, and for the remainder of the Lease Term, monthly rent shall revert to the full amount stated in the Lease, which is $2,099.00 per month.

This temporary promotional adjustment does not modify the base Monthly Rent stated in the Lease and shall not affect rent calculations for renewal, early termination fees, damages, or any other amounts due under the Lease unless otherwise agreed in writing.

**6. Electronic Door Lock – Battery Maintenance.** The Premises are equipped with a Schlage electronic keypad lock, and no physical key is provided. Tenant agrees to monitor and replace the lock batteries as needed to ensure continuous operation. As a preventative measure, Tenant shall replace the batteries at least once every three (3) months, or immediately upon receiving any low-battery warning from the device. Tenant acknowledges that failure to maintain the batteries may result in lockout, and any costs associated with emergency access due to battery failure shall be borne by Tenant.

**7. Smoke Detector Battery Maintenance.** Tenant shall test all smoke detectors at least once per month and replace batteries as needed to ensure proper operation. At minimum, Tenant shall replace smoke detector batteries once every six (6) months, or immediately upon hearing a low-

battery warning chirp. Tenant shall notify Landlord promptly if any smoke detector is not functioning properly after battery replacement.

**8. Homeowners' Association Rules and Regulations.** Tenant acknowledges receipt of a copy of the applicable Homeowners' Association ("HOA") rules, regulations, covenants, and restrictions governing the Premises. Tenant agrees to comply with all HOA rules and regulations, as they may be amended from time to time, and acknowledges that failure to comply may constitute a violation of the Lease. Tenant shall be responsible for any fines, penalties, or charges imposed by the HOA as a result of Tenant's actions or failure to comply with HOA requirements.

**9. Renter's Insurance Requirement.** Tenant shall obtain and maintain renter's insurance throughout the entire Lease Term with a minimum of $100,000.00 in personal liability coverage. Tenant shall provide proof of such insurance prior to occupancy and upon renewal of the policy. Landlord shall be listed as an "Additional Interested Party" (or similar designation for notice purposes). Failure to maintain required insurance shall constitute a material breach of the Lease.

**10. HOA Access Devices and Mailbox Key.** Landlord has provided Tenant with one (1) clubhouse access fob and one (1) mailbox key for use during the Lease Term.

Tenant shall be responsible for safeguarding these items. In the event of loss, damage, or failure to return the items at the end of the Lease Term, Tenant shall pay the following replacement fees:

- **Clubhouse Access Fob:** $75.00
- **Mailbox Key:** $25.00

These amounts represent the agreed replacement cost and may be deducted from the Security Deposit if unpaid. If actual replacement costs imposed by the HOA or postal service exceed the amounts stated above, Tenant agrees to pay the actual replacement cost.

Except as modified herein, all other terms and conditions of the Lease remain unchanged and in full force and effect.

LANDLORD: Michelle L. Adeeb

Signature: _____*Michelle Adeeb*_____  Date: **March 2, 2026**
03-03-2026 05:14:43 PM UTC - 3-3

TENANT: Madison Androsko

Signature: _____*Madison Androsko*_____  Date: 03/02/2026
03-03-2026 07:54:07 AM EST - 2-4

**EARLY TERMINATION FEE/LIQUIDATED DAMAGES ADDENDUM**

[ ✓ ] I agree, as provided in the rental agreement, to pay $ 4,198 (an amount that does not exceed 2 months' rent) as liquidated damages or an early termination fee if I elect to terminate the rental agreement and the landlord waives the right to seek additional rent beyond the month in which the landlord retakes possession.

[   ] I do not agree to liquidated damages or an early termination fee, and I acknowledge that the landlord may seek damages as provided by law.

_Michelle Adeeb_
Landlord's Signature

March 2, 2026
Date

_____
Landlord's Signature

_____
Date

_____
Landlord's Signature

_____
Date

_Madison Androsko_
03-03-2026 07:54:07 AM EST - 2-7
Tenant's Signature

03/02/2026
Date

_____
Tenant's Signature

_____
Date

Copy of Current Version of Florida Residential Landlord and Tenant Act,

Part II, Chapter 83, Florida Statutes to Be Attached