FILED ORL INTAKE - USBC
18 AUG 2026 AM11:59

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

**MADISON LEIGH ANDROSKO,**
Debtor.

Case No. 6:26-bk-03800-TPG
Chapter 7

_______________________________________/

**CERTIFICATE OF SERVICE AND CERTIFICATE OF NO OBJECTION REGARDING CREDITOR'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION IN SECURITY DEPOSIT (DOC. NO. 20)**

Creditor Michelle Rademacher, n/k/a Michelle Adeeb ("Creditor"), pro se, files this Notice regarding the Objection to Debtor's Claim of Exemption in Security Deposit [Doc. No. 20] (the "Objection"), and states:

1. On July 20, 2026, the undersigned served, by United States Mail, a copy of the Objection to Debtor's Claim of Exemption in Security Deposit (Doc. No. 20) on the Debtor, Madison Leigh Androsko, at 2641 Inagua Ave #302, Davenport, FL 33897; on Debtor's counsel of record, Camille Sebreth, Esquire, Law Offices of Camille Sebreth, PLLC, 1466 E. Michigan St., Orlando, FL 32806; and on the Chapter 7 Trustee, Lori Patton, 377 Maitland Ave, Ste 1002, Altamonte Springs, FL 32701, together with the negative notice legend required by Local Rule 2002-4, Local Rules, United States Bankruptcy Court, Middle District of Florida.

2. The negative notice legend accompanying the Objection stated that any party objecting to the relief requested was required to file a written response with the Clerk of Court within twenty-one (21) days from the date of the certificate of service, plus an additional three (3) days because service was made by U.S. Mail, for a total response period expiring on August 13, 2026.

3. As of the date of this certificate, no response, objection, or request for hearing regarding the Objection (Doc. No. 20) has been filed by the Debtor or any other party in interest, and the docket in this case reflects no such filing.

4. Accordingly, pursuant to Local Rule 2002-4(a)(3), Local Rules, United States Bankruptcy Court, Middle District of Florida, the undersigned lodges herewith a proposed order sustaining the Objection and requests that the Court enter it without further notice or hearing.

I CERTIFY that a true and correct copy of this Certificate of Service and Certificate of No Objection, together with the proposed Order Sustaining Creditor's Objection to Debtor's Claim of Exemption in Security Deposit, was furnished by U.S. Mail this 18th day of August, 2026, to:

Madison Leigh Androsko
2641 Inagua Ave #302
Davenport, FL 33897
Camille Sebreth, Esquire

Camille Sebreth, Esquire
Law Offices of Camille Sebreth, PLLC
1466 E. Michigan St.
Orlando, FL 32806

Lori Patton, Trustee
377 Maitland Ave, Ste 1002
Altamonte Springs, FL 32701

Respectfully submitted,

MICHELLE RADEMACHER,
n/k/a MICHELLE ADEEB
38439 5th Ave, PMB 2822
Zephyrhills, FL 33542
Tel: 727-222-3114

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

**MADISON LEIGH ANDROSKO,**
Debtor.

Case No. 6:26-bk-03800-TPG
Chapter 7

_______________________________________/

**ORDER SUSTAINING CREDITOR'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION IN SECURITY DEPOSIT**

THIS CASE came before the Court on the Objection to Debtor's Claim of Exemption in Security Deposit (Doc. No. 20) (the "Objection") filed by creditor Michelle Rademacher, n/k/a Michelle Adeeb, pursuant to Local Rule 2002-4, Local Rules, United States Bankruptcy Court, Middle District of Florida.

The Objection was served with the negative notice legend required by Local Rule 2002-4 on July 20, 2026, advising that any party objecting to the relief requested was required to file a written response within twenty-one (21) days from the date of service, plus three (3) additional days for service by U.S. Mail. The response period expired on August 13, 2026, without any response, objection, or request for hearing having been filed by the Debtor or any other party in interest. The Court, having reviewed the Objection and the record, and being otherwise fully advised in the premises, finds that the relief requested should be GRANTED.

Accordingly, it is **ORDERED:**

1. The Objection to Debtor's Claim of Exemption in Security Deposit (Doc. No. 20) is SUSTAINED.
2. The Debtor's claim of exemption in the $2,099.00 security deposit held under the parties' Residential Lease Agreement for the property located at 1641 Retreat Circle, Clermont,

Florida 34714 is DISALLOWED to the extent of the Debtor's pre-petition rent arrearage owed to Creditor; the exemption is allowed only as to any balance of the deposit remaining after application of Creditor's right of setoff under 11 U.S.C. § 553.

3. This Order determines only Debtor's claimed exemption in the security deposit. It does not adjudicate any other lease-related claims, damages, defenses, or rights of setoff except as necessary to resolve the Objection. To the extent any balance of the security deposit remains after application of Creditor's prepetition rent-arrearage claim, this Order does not determine the amount, validity, or disposition of that balance.

DONE and ORDERED in Orlando, Florida, this _____ day of _______________, 2026.

_________________________________

TIFFANY P. GEYER

United States Bankruptcy Judge